## BULL INSULAR LINE, INC., Plff.,

*v.*

## L. SANTIAGO CARMONA ET AL., COMPRISING THE WORKMEN'S RELIEF COMMISSION OF PORTO RICO, Dfts.

## BASILISA CRUZ, VIUDA DE GARCIA, Petitioner.

San Juan, Equity, No. 1118.

Opinion filed April 16, 1923.

*Messrs. Charles Hartzell* and *Daniel F. Kelley* attorneys for Bull Insular Line, Inc.

*Mr. Miguel Guerra* and *Mr. Ismael Soldevila* attorneys for Workmen's Relief Commission of Porto Rico.

*Mr. Juan B. Soto* attorney for petitioner.

ODLIN, Judge, delivered the following opinion:

On April 3, 1923, there was filed by the counsel for Basilisa

Cruz, the widow of Garcia, a petition for leave to intervene in a bill in equity originally brought by the Bull Insular Line, Inc., against the Workmen's Relief Commission of Porto Rico. The latter, the defendants in the original suit, make no objection to this petition of intervention, but counsel for the Bull Insular Line, Inc., oppose the said application for leave to intervene on various grounds; however, I do not find it necessary to discuss them all.

It appears that on or about March 27, 1921, an unfortunate accident occurred in the waters of the Atlantic ocean north of the town of Barceloneta west of San Juan on the north shore of this Island. There was an overturning of a barge during the process of loading certain vessels, as a result of which four men then employed in that work were drowned. These men were Florencio Garcia, married to Basilisa Cruz; Jose Vargas, married to Dolores Rios; Jose Contes, married to Fermina Campos; and Nicolas Guevara, married to Angela Eva Goicoechea. It appears that the widow of Nicolas Guevara received $3,000 from the Workmen's Relief Commission in the month of November, 1921; it also appears that the widow of Jose Contes received the sum of $3,000 from the Workmen's Relief Commission in the month of October, 1922. The other two widows have received nothing. One of these two widows who has received nothing is the petitioner in the present intervention. It is claimed by the counsel for said petitioner, the widow of Florencio Garcia, that the officials of the Workmen's Relief Commission made the payments to the two widows above mentioned of $3,000 each because their husbands at the time of the accident were employed by a certain sugar company and were not employed by the Bull Insular Line, Inc.

It is also averred by the attorney for the said petitioner that the latter has not received her compensation because the officers in charge and control of the Workmen's Relief Commission claim that by reason of an injunction issued by this court on June 30, 1922, they, the said officers in control of the Workmen's Relief Commission, Inc., have no way to recover from the Bull Insular Line, Inc., the amount which might be paid to the said petitioner, and the said Workmen's Relief Commission is not justified in paying the said petitioner any money from a fund provided with money paid by other employers.

By reference to the opinion of this court filed on June 26, 1922, it will be seen that this court held that, inasmuch as the Congress of the United States enacted on June 3, 1922, a certain bill which conferred upon dock workers and repair men the benefits of various compensation laws which had been enacted by various states of the Union, and were in force throughout the same, this court came to the irresistible conclusion that these dock workers and longshoremen and repair men were *not* within the various Workmen's Compensation Laws previous to June 3, 1922. If they had been, then said law of June 3, 1922, would have been unnecessary.

This court further held that inasmuch as the original bill in the present proceeding was filed on March 30, 1922, and believing that the legislature of Porto Rico could not possess more powers than the legislature of anyone of the forty-eight states, this court denied the motion to dismiss the bill in the present proceeding, which motion to dismiss had been filed and argued by counsel representing the Workmen's Relief Commission of Porto Rico.

Of course the present petitioner, the widow of Florencio
Garcia, not being a party to the proceeding originally brought
in this court by the Bull Insular Line, Inc., against the Work-
men's Relief Commission, would not be bound by any order or
decree rendered therein. Naturally it was my desire that this
widow should not suffer by reason of an order or decree of this
court made in a proceeding to which she was not a party. It
therefore was my expectation when I began the study of this
case to permit her to intervene and seek a modification of the
order and decree of this court rendered on June 26, 1922, so
that the officers in charge of the Workmen's Relief Commission
should be left free to deal with this widow in the same man-
ner that they had dealt with the widow of Nicolas Guevara
and with the widow of Jose Contes. But it now appears in
the statement furnished me by counsel for the present peti-
tioner that her husband, Florencio Garcia, at the time of his
accident was an employee of the Bull Insular Line, Inc.; which
statement is not admitted by the Bull Insular Line, Inc., and
there therefore arises a very important question of fact which
this court considers cannot be determined in the present pro-
ceeding. If it be true that Florencio Garcia was employed by
the Bull Insular Line, Inc., and lost his life by the negligence
of the latter, his widow has an adequate and complete remedy
at law by bringing a suit against the Bull Insular Line, Inc.,
and in case she seeks over $3,000 as her damages she will have
her option of bringing such suit either in the Insular district
court or in this court, because she is domiciled in Porto Rico,
and the Bull Insular Line, Inc., is a corporation under the
laws of the state of Maine; the authorities are very clear that
in a proceeding of this nature a third party will not be allowed

to intervene when such party has a complete and adequate remedy at law.

For this reason the petition to intervene must be denied; but such denial is of course without prejudice to any rights which the said widow, Basilisa Cruz, may have to bring a suit against the Bull Insular Line, Inc., and it is also without any prejudice whatever to the right of the Workmen's Relief Commission to furnish compensation to the said Basilisa Cruz, if the former so desire, but this court is without authority to direct any such compensation to be made and expresses no opinion whatever as to whether such compensation should be made.